UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA:
:
:
:
v.:                                                          Case No.: 8:18-cr-424-T-02TGW
:
:
:
JHONN JAIRO QUINONES CORTES:
_____:

**DEFENDANT JHONN JAIRO QUINONES CORTES SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, JHONN JAIRO QUINONES CORTES and files this sentencing memorandum and, in support of said issues, states as follows:

I. POSITION AS TO A REASONABLE SENTENCE FOR THE DEFENDANT

The Defendant respectfully reserves as to his position as to a reasonable sentence.

II. PRE-SENTENCE INVESTIGATION REPORT - FACTUAL OBJECTIONS

No factual objections remain.

III. PRE-SENTENCE INVESTIGATION REPORT - LEGAL OBJECTIONS

No legal objections remain.

IV. 18 U.S.C. SECTION 3553 - MITIGATION ANALYSIS

Now that the guidelines are advisory, the Court is free to utilize 18 U.S.C. Section 3553(a)(1), (3)-(7) in fashioning a reasonable sentence for the Defendant. The factors of particular importance in this matter are:

    A. *Criminal History of the Defendant.*

Mr. Quinones Cortes has no criminal history.

      B. *The characteristics of the defendant*. 18 U.S.C. Section 3553(a)(1)

Mr. Quinones Cortes is a 28 years old father of two children. He was born and raised in Tumaco, Columbia where he grew up in extremely poor financial conditions, as reflected in paragraphs 39-43 of the PSR.

      C. *The nature and circumstances of the offense*. 18 U.S.C. Section 3553(a)(1).

As set forth in paragraphs 9-14, this is a typical go-fast vessel drug boat case. Mr. Quinones Cortes was a low-level crewmember, and as a result of his minor role, should receive a variance downwards based upon the factors set forth in the proposed advisory guidelines that will be effective on November 1, 2015 as described in more detail below. United States Sentencing Guideline §3B1.2(b) provides for a two-level downward adjustment "if the defendant was a minor participant in any criminal activity." The proposed amended guidelines are expected to take effect on November 1, 2015. The proposed amendments to the mitigating role adjustments under the guidelines are in response to the Sentencing Commission's study, which "found that [the] mitigating role [adjustment] [has been] applied inconsistently and more sparingly then the Commission intended." (See Exhibit 1, Excerpts from U.S. Sentencing Commission Amendments, April 30, 2015, Mitigating Role).

      Specifically, in "drug cases, the Commission's study confirmed that the mitigating role is applied inconsistently to drug defendants who performed similar low-level functions (and that rates of application vary widely from district to district)." The Commission further noted that the study "found that courts often deny mitigating role to otherwise eligible defendants if the defendant was considered 'integral' to the successful commission of the offense." Id. In response to the "inconsistent" and "sparingly" applied mitigating role adjustment, the amendment to the

guidelines was designed to "provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." Id. Specifically, the amendment "addresses a circuit split and other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances." To assist courts in encouraging them to apply the adjustment more frequently the Commission has provided sentencing courts with "a non-exhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so the amount of adjustment." Id.

The factors for the court to consider include "the degree to which the defendant understood the scope and structure of the criminal activity, participated in planning or organizing the criminal activity, and exercised decision-making authority, as well as the acts the defendant performed and the degree to which he or she stood to benefit from the criminal activity." Id.

Finally, the amendment "further provides, as an example, that a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for a mitigating role adjustment." Id.

Based on this clarifying amendment by the Sentencing Commission, Mr. Quinines Cortes should receive a two-level minor role reduction. First, Mr. Quinones Cortes was employed as a crew member on the go-fast boat, a position that is the riskiest yet least compensated.  In addition, Mr. Quinones Cortes had no decision-making authority, and was merely a paid "body" with no special skills. He had no role in planning or organizing anything related to this offense. Further, he had no propriety interest in the drugs being transported, nor was he a stakeholder in the profits of the drug smuggling ventures. Therefore, pursuant to the anticipated amendment, Mr. Quinones Cortes believes that he should receive a two-level minor role variance downwards.

(2) *The Need for the Sentence Imposed;*

*(A)  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense*;

  Mr. Quinones Cortes recognizes that controlled substances are dangerous and that his conduct constitutes a serious offense.  He concedes that he should be punished accordingly. Incarcerating Mr. Quinines Cortes for any period is a significant punishment to him given that he has never served time in jail and that he will be away from his family for the term of incarceration.  Mr. Quinones Cortes was one of the least culpable of any of the codefendants, and any sentence imposed should reflect his minimal role.

**(B)** *To afford adequate deterrence to criminal conduct;*

  Any prison sentence in this case will serve as an adequate deterrent to criminal conduct. A judgment of guilt for a federal drug offense in conjunction with a period of incarceration and deportation sends a powerful message to anyone in Mr. Quinones Cortes's shoes that any involvement in the transport of a controlled substance is a serious criminal offense that will be vigorously prosecuted by the federal government, regardless of one's criminal record.

**(C)** *To protect the public from further crimes of the defendant;*

  Any period of incarceration in will sufficiently protect the public from future criminal conduct by the Defendant. The likelihood of recidivism for Mr. Quinones Cortes is low given the nature of the offense and his immigration status.

 **(D)** *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*;

Mr. Quinones Cortes would like to avail himself of any educational or college courses that may available to him; in particular the study of the English language.

**(3, 4, & 5)** *The Kind of Sentences Available/the Sentencing Range Established for this Offense/Any Pertinent Policy Statement*;

There is an applicable mandatory minimum of 120 months incarceration, however the Defendant meets the criteria of 18 U.S.C. 3553(f)(1)-(5). Accordingly, this court is not required to impose the minimum mandatory in this case.

**(6)** *The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct*;

The co-defendant Jose Danilo Yepes Valencia was sentenced to 82 months imprisonment on April 4, 2019. Mr. Yepes-Valencia was not the captain of the vessel, yet occasionally drove the vessel. Mr. Quinones-Cortes at no point drove the vessel.

**(7)** *The need to provide restitution to any victims of the offense*;

There is no restitution in this case.

V. REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

The Defendant reserves the right to make requests for judicial recommendations at the time of sentencing.

WHEREFORE, the Defendant, JHONN JAIRO QUINONES CORTES, by and through his undersigned counsel, prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

 /s/ Bryant A. Scriven
Bryant A. Scriven Esquire
Florida Bar No.: 653691
Scriven Law, PA
402 East 7th Avenue
Tampa, Florida 33602
Phone: (813) 226-8522
Email: bryant@scrivenlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on June 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to the electronic mail addresses of record.

/s/ Bryant A. Scriven
Bryant A. Scriven Esquire